**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:16-cv-00303-MR
(CRIMINAL CASE NO. 1:14-cr-00080-MR-DLH-1)**

| | |
|---|---|
| MATTHEW DONTE YOUNG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on the motion of the United States requesting that the Court enter an order holding this action in abeyance. [CV Doc. 7].[1] According to the government's motion, defense counsel does not object to its request. [Id.].

Petitioner pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). [CR Doc. 31]. Petitioner's sentence was enhanced based on a prior North Carolina breaking and

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV" denoting the document is listed on the docket in the civil case file number 1:16-cv-00303-MR, or the letters "CR" denoting the document is listed on the docket in the criminal case file number 1:14-cr-00080-MR-DLH-1.

entering conviction under U.S.S.G. § 2K2.1. The Court sentenced Petitioner to a term of imprisonment of 90 months. [Id.].

On September 12, 2016, Petitioner commenced this action by filing a petition pursuant to 28 U.S.C. § 2255. [CV Doc. 1]. In his petition, Petitioner contends through counsel that his attorney provided ineffective assistance because he did not challenge the use of the prior North Carolina breaking and entering conviction to enhance his sentence under U.S.S.G. § 2K2.1, and because counsel did not try to withdraw Petitioner's plea agreement or negotiate an exception to the appeal waiver in light of Johnson v. United States, 135 S. Ct. 2551 (2015). [CV Doc. 5]. Petitioner also argues that he should be resentenced if the Supreme Court holds in Beckles v. United States, 616 Fed. Appx. 415 (11th Cir.), cert. granted, 2016 WL 1029080 (U.S. June 27, 2016) (No. 15-8544) that Johnson applies retroactively to the Sentencing Guidelines. [Id.].

In response to the petition, the government has filed a motion to hold this proceeding in abeyance. [CV Doc. 7]. The government notes that this case may be affected by the Supreme Court's decision next Term in Beckles. [Id. at 2].

Based upon the reasons given by the government, and without objection by Petitioner, the Court concludes that the government's motion should be granted.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the government's motion to place this case in abeyance [CV Doc. 7], is hereby **GRANTED** and this matter is hereby held in abeyance pending the Supreme Court's decision in <u>Beckles</u>. Thereafter, the government shall have 60 days from the date the Supreme Court decides <u>Beckles</u> within which to file its response in this matter.

**IT IS SO ORDERED.**  Signed: March 1, 2017

Martin Reidinger
United States District Judge