IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:16-cv-00303-MR
CRIMINAL CASE NO. 1:14-cr-00080-MR-DLH-1

| | |
|---|---|
| MATTHEW DONTE YOUNG, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1]; Petitioner's Memorandum in Support of Petitioner's Pro Se Motion to Vacate Sentence under 28 U.S.C. §2255 [Doc. 5]; and the Government's Motion to Dismiss [Doc. 10].

## BACKGROUND

On December 10, 2014, Petitioner pled guilty in this Court to possession of a firearm by a felon. [Crim. Case No. 1:14-cr-00080-MR-DLH-1 ("CR"), Doc. 18: Acceptance and Entry of Guilty Plea]. The presentence report ("PSR") noted that Petitioner had two prior convictions that triggered

an enhancement to his base offense level under U.S.S.G. § 2K2.1(a)(2): (1) a 2013 North Carolina conviction for common law robbery and (2) a 2013 North Carolina conviction for breaking-or-entering. [CR Doc. 25 at ¶¶ 11, 34, 36: PSR]. Based on the § 2K2.1 enhancement, Petitioner faced a Guidelines range of 77 to 96 months. [Id. at ¶ 56]. On June 26, 2015, before Petitioner was sentenced in this action, the Supreme Court held in Johnson v. United States that the residual clause of the Armed Career Criminal Act ("ACCA") — which covered any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another" — is "unconstitutionally vague." 135 S. Ct. 2551, 2557 (2015). Based on that holding, the Court concluded that "imposing an increased sentence under the residual clause ... violates the Constitution's guarantee of due process." Id. at 2563.

On October 15, 2015, this Court held Petitioner's sentencing hearing and noted that neither party had filed objections. [CR Doc. 37 at 3-4: Sent. Tr.]. The Court, however, raised for the first time the issue of whether Johnson affected the PSR's recommendation that Petitioner's prior common law robbery and breaking-or-entering convictions qualified as crimes of violence under § 2K2.1. [Id. at 9]. After a short discussion, Petitioner's counsel objected to the common law robbery conviction being used as a §2K2.1 predicate offense. [Id. at 12]. Counsel, however, did not object to

the breaking-or-entering conviction being used. The Court overruled Petitioner's objection and imposed a sentence of 90 months. [Id. at 19, 32]. Petitioner appealed, and the Fourth Circuit Court of Appeals affirmed his conviction and sentence in an unpublished opinion on April 25, 2016. [CR Doc. 40].

On around September 12, 2016, Petitioner filed a *pro se* motion to vacate, raising a Johnson claim. [Doc. 1]. The Federal Defender was subsequently appointed to represent Petitioner on Petitioner's Johnson claim pursuant to a standing order by this Court. On November 22, 2016, counsel filed a supplemental memorandum in support of Petitioner's motion to vacate. [Doc. 5]. In the supplemental memorandum, Petitioner argues that, under Johnson, his prior convictions for common law robbery and breaking or entering no longer qualify as predicates for a base-offense level enhancement under U.S.S.G. § 2K2.1(a). Petitioner also brings an ineffective assistance of counsel claim based on counsel's failure to argue at sentencing that Petitioner's breaking or entering conviction did not qualify as a "crime of violence" in light of Johnson, and based on counsel's failure to seek a withdrawal of Petitioner's plea agreement or negotiate an exception to the plea agreement's appeal waiver, following counsel's failure to research

3

Johnson's impact on Petitioner's common law robbery conviction under the guidelines.

On March 1, 2017, the Court placed Petitioner's motion in abeyance pending the outcome of Beckles v. United States, Supreme Court No. 15-8455, in which petitioner argued that his career-offender sentence was erroneously enhanced by an unconstitutionally vague residual clause of U.S.S.G. § 4B1.2. [Doc. 8]. On March 6, 2017, the Supreme Court held in Beckles that "the advisory Guidelines are not subject to vagueness challenges." 137 S. Ct. 886, 890 (2017). On May 9, 2017, the Government filed the pending motion to dismiss, arguing that Petitioner's Johnson challenge to his enhanced sentence under U.S.S.G. § 2K2.1(a) has no validity in light of Beckles. [Doc. 10]. On May 30, 2017, the Court granted the Federal Defender's motion to withdraw from representation of Petitioner. [Doc. 13]. In the Court's order, the Court gave Petitioner twenty days to file a *pro se* response to the Government's motion to dismiss. [Id.]. Petitioner has not responded and the time to do so has passed.

## STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to

determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## DISCUSSION

As noted, Petitioner challenges his enhanced sentence under U.S.S.G. § 2K2.1(a), in light of Johnson. In Beckles, however, the Supreme Court held that "the advisory Guidelines are not subject to vagueness challenges." 137 S. Ct. 886, 890 (2017). Thus, the holding in Beckles has foreclosed Petitioner's Johnson claim, as well as his attendant, ineffective assistance of counsel claims based on counsel's failure to raise certain Johnson issues at sentencing. The Court will therefore deny and dismiss the petition and grant the Government's motion to dismiss.

The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner

has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. <u>See</u> Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Dismiss [Doc. 10] is **GRANTED**, and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: August 14, 2017

Martin Reidinger
United States District Judge